# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| MICHAEL G. FAUROTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:17-CV-129-TLS |
| | ) | |
| BANK OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

On March 3, 2017, Plaintiff Michael Faurote, proceeding pro se, filed his Complaint

[ECF No. 8] against Defendant Bank of America in Indiana state court. The Defendant removed

this action to federal court on March 31, 2017 [ECF No. 1]. The Defendant filed a Motion to

Dismiss [ECF No. 11] on April 6, 2017. On June 2, 2017, the Court granted a stay of all Rule 26

requirements pending a ruling on the Defendant's Motion to Dismiss [ECF No. 19]. On May 3,

2017, the Plaintiff filed for bankruptcy. (*See* ECF No. 20.) On June 5, 2017, the Court held this

case in abeyance until September 5, 2017, at which point the Court would review the status of

the bankruptcy proceedings [ECF No. 21]. On September 27, 2017, the Plaintiff submitted

documentation showing that he had been declared bankrupt and that the bankruptcy proceedings

had been closed on August 30, 2017 [ECF No. 23]. The Court granted the Defendant's request

that briefing on the Motion to Dismiss move forward and granted the Plaintiff twenty-eight days

in which to file a response [ECF No. 25]. The deadline has passed for the Plaintiff to respond to

the Defendant's Motion to Dismiss, and this issue is now ripe for review.

**BACKGROUND**

The Plaintiff filed suit against the Defendant, alleging defamation, negligent enablement of identity fraud, and violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("the FDCPA"). (*See Compl.* 1, ECF No. 8.) Specifically, the Plaintiff alleged that the Defendant "violated requests for validation, disputed claim [sic]" and failed to "notify all credit reporting agencies." (*Id.*) The Defendant argues that, not only is the Plaintiff's claim for negligent enablement of identity fraud not cognizable, but also that he has failed to plead sufficient facts that plausibly establish that he is entitled to relief on any of his claims.

**ANALYSIS**

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

**A.      Defamation**

In Indiana, "[t]o establish defamation, a plaintiff must prove the following elements: (1) a communication with defamatory imputation; (2) malice; (3) publication; and (4) damages." *Collins v. Purdue Univ.*, 703 F. Supp. 2d 862, 875 (N.D. Ind. 2010). However, the Plaintiff has not alleged any defamatory communications made by the Defendant in his Complaint. Without identifying a defamatory statement, his claim fails. *See Brown v. Salvation Army*, 60 F. Supp. 3d

971, 980–81 (N.D. Ind. 2014). Without identifying a defamatory statement, the Court can neither

determine whether the statement was made with malice, whether it was published to a third

party, or whether the Plaintiff sustained damages as a result of the statement. Therefore, the

Court will grant the Defendant's Motion to Dismiss as to the Plaintiff's defamation claim.

**B.      Negligent Enablement of Identity Fraud**

There is no indication that a cause of action for negligent enablement of identify fraud

exists under Indiana law. Moreover, the Plaintiff has not alleged any facts regarding what act by

the Defendant was negligent, what identity fraud occurred, or how the Defendant's negligent act

was the proximate cause of such identity fraud. Therefore, the Court will grant the Defendant's

Motion to Dismiss as to the Plaintiff's claim for negligent enablement of identity fraud.

**C.      FDCPA Violation**

The FDCPA regulates the conduct only of debt collectors; creditors are specifically

exempt from its provisions. *Woods v. Wells Fargo Fin. Bank*, 753 F. Supp. 2d 784, 791 (S.D.

Ind. 2010) ("The FDCPA governs debt collectors, not creditors. A bank creditor seeking to

collect on a debt does not become a 'debt collector' for purposes of the FDCPA."); *Conner v.*

*Howe*, 344 F. Supp. 2d 1164, 1170 (S.D. Ind. 2004) ("[U]nder the Act, creditors . . . are not

subject to the provisions of the FDCPA."). The FDCPA defines a "creditor" as "any person who

offers or extends credit creating a debt or to whom debt is owed," while a "debt collector" is

"any person who . . . regularly collects or attempts to collect, directly or indirectly, debts owed or

due or asserted to be owed or due to another." 15 U.S.C. §§ 1692a(4), (6). The Plaintiff has

alleged no facts that plausibly suggest that the Defendant is a debt collector. Rather, his

allegation that the Defendant failed "to notify all credit reporting agencies" indicates that he

believes the Defendant to be a creditor. Therefore, the Plaintiff has not stated a claim under the

FDCPA, and the Court will grant the Defendant's Motion to Dismiss as to this claim.

**CONCLUSION**

For these reasons, the Court GRANTS the Defendant's Motion to Dismiss [ECF No. 11]

and DISMISSES this case WITHOUT PREJUDICE.

SO ORDERED on December 5, 2017.

> s/ Theresa L. Springmann
> CHIEF JUDGE THERESA L. SPRINGMANN
> UNITED STATES DISTRICT COURT